UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SYLVIA CARTY,

Plaintiff,

v. CASE NO. 8:13-CV-2089-T-17DAB

CAROLYN W. COLVIN,
ACTING COMMISSIONER
OF SOCIAL SECURITY,

Defendant.

______________________/

ORDER

This cause is before the Court on:

Dkt. 14 Report and Recommendation

In the Complaint, Plaintiff Sylvia Carty seeks judicial review of a final decision of Defendant Commissioner of the Social Security Administration denying Plaintiff's claim for Disability Insurance Benefits, pursuant to 42 U.S.C. Sec. 405(g). The assigned Magistrate Judge has entered a Report and Recommendation (Dkt. 14), in which it is recommended that the decision of the Commissioner be reversed and remanded.

I. Report and Recommendation

A. Treating Physicians' Opinions and RFC

In the Report and Recommendation, the assigned Magistrate Judge concludes that the ALJ did not properly analyze or characterize Plaintiff's carpal tunnel syndrome and ineffective surgery, or Plaintiff's limitation in using her hands and wrists on a

repetitive basis, such that the ALJ's decision is not based on substantial evidence. The assigned Magistrate Judge notes that the ALJ did not give the complete picture of Plaintiff's severe compressed nerve issues, and mischaracterized the extent of Plaintiff's recovery, her ultimate condition, and her long-term limitations by focusing exclusively on Plaintiff's muscle strength and range of motion, and ignoring Plaintiff's neurological impairments which were determined with objective testing. The ALJ is required to state with particularity the weight given to the opinions of treating physicians, in particular orthopedist Dr. Cusomano, orthopedic surgeon Dr. Rodriguez, and neurologist Dr. Leavengood, as well as the reasons the ALJ did not credit those opinions. Winschel v. Commissioner of Social Security, 631 F.3d 1176, 1179 (11th Cir. 2011). The assigned Magistrate Judge notes that the ALJ did not discuss the opinions that Plaintiff's right-side surgery did not cure the severe nerve compression, and the ALJ did not include a limitation in Plaintiff's RFC precluding repetitive use of her hands, or limiting Plaintiff to "light" use of hands. Because the ALJ's decision is not supported by substantial evidence, the assigned Magistrate Judge recommends that the decision be reversed and remanded. The assigned Magistrate Judge also recommends that, on remand, the ALJ accord the records of Plaintiff's treatment for diabetes the appropriate weight.

B. Worker's Compensation Disability

The assigned Magistrate Judge further concludes that the decision of the ALJ was not based on substantial evidence in that the ALJ did not designate the weight afforded to worker's compensation determination of Plaintiff's temporary total disability. Falcon v. Heckler, 732 F.2d 827, 831 (11th Cir. 1984); Social Security Ruling 06-3p. The assigned Magistrate Judge recommends that, on remand, the ALJ explain the weight given to the worker's compensation temporary total disability determination, or explain why "great weight" was not given to the determination.

C. Hypothetical Posed to the VE Did Not Include All Impairments

The assigned Magistrate Judge further concludes that the ALJ did not properly include all of Plaintiff's limitations in the hypothetical posed to the VE, and therefore the ALJ's decision was not based on substantial evidence. The assigned Magistrate Judge recommends that, on remand, if the ALJ finds Plaintiff limited to sedentary work, the ALJ should determine if Plaintiff should be found disabled because Plaintiff cannot perform the fine manual dexterity work required in sedentary work.

D. Pain and Credibility

The assigned Magistrate Judge further concludes that the ALJ's reasons for finding Plaintiff's testimony as to why Plaintiff declined surgery on her left wrist not credible, and the ALJ's evaluation of Plaintiff's testimony as to pain, were not supported by substantial evidence. As to Plaintiff's testimony about pain, the ALJ must consider all of a claimant's statements about his symptoms, and determine the extent to which the symptoms can reasonably be expected to be accepted as consistent with the objective medical evidence. 20 C.F.R. Sec. 404.1528. In determining whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce the pain alleged, the ALJ must apply the three-part "pain standard":

> The pain standard requires (1) evidence of any underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can reasonably be expected to give rise to the alleged pain.

Foote v. Chater, 67 F.3d 1553, 1559 (11th Cir. 1995). When an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility findings. Jones

v. Dep't of Health and Human Servs., 941 F.2d 1529, 1532 (11th Cir. 1991)(articulated reasons must be based on substantial evidence). As to Plaintiff's credibility, as noted above, the ALJ mischaracterized Plaintiff's final outcome of the right-side surgery, and persistent nerve damage. The assigned Magistrate Judge recommends that the decision denying benefits be reversed and remanded, as the ALJ's reasons are not supported by substantial evidence.

E. Remand

In recommending that this case be remanded for further proceedings, the assigned Magistrate Judge relies on Lawton v. Commissioner of Soc. Sec., 431 Fed. Appx. 830, 835 (11th Cir. June 22, 2011)(unpublished) (when ALJ does not properly articulate a credibility determination, reversal for payment of benefits is not appropriate) and Dempsey v. Commissioner of Soc. Sec., 2011 WL 6032952 *4 (11th Cir. Dec. 5, 2011)(unpublished)(rather than accepting ignored treating doctor's opinion as true, remand to the agency to determine in the first instance the proper weight to be afforded the treating doctor's opinion).

F. Severe Impairments

The Court notes that the assigned Magistrate Judge found that, assuming that the ALJ erred in his conclusion that Plaintiff's hypertension and diabetes were not severe impairments at Step Two, this error is harmless in that the ALJ considered Plaintiff's impairments at later steps in the evaluation process. Burgin v. Comm'r of Soc. Sec., 420 Fed. Appx. 901, 902 (11th Cir. 2011).

Case No. 8:13-CV-2089-T-17DAB

II. Discussion

The Court has independently reviewed the pleadings and the record. No objections to the Report and Recommendation have been filed. After consideration, the Court adopts the Report and Recommendation, and incorporates it by reference. Accordingly, it is

**ORDERED** that the Report and Recommendation is **adopted and incorporated** by reference. The decision of the Commissioner is **reversed** because it is not supported by substantial evidence, and this case is **remanded** for further proceedings. The ALJ shall consider and make findings as to each issue addressed above: 1) the opinions of treating physicians and weight accorded to each; 2) the limitations to be included in Plaintiff's RFC; 3) the weight to be accorded to Plaintiff's treatment for diabetes; 4) the weight to be as accorded to worker's compensation determination of temporary total disability; 5) the limitations to be included in hypothetical posed to the VE, and if Plaintiff is found to be limited to sedentary work, whether Plaintiff should be found disabled because of inability to perform fine manual dexterity work; 6) as to pain testimony, the extent to which such testimony is consistent with objective medical evidence, applying "pain standard"; 7) as to Plaintiff's credibility, if Plaintiff's testimony is found not be credible, specific reasons shall be articulated. The Clerk of Court **shall enter** a final judgment in favor of Plaintiff Sylvia Carty and against Defendant Carolyn W. Colvin, Acting Commissioner of Social Security, **reversing** the decision of the Commissioner and **remanding** this case for further proceedings, and close this case.

Case No. 8:13-CV-2089-T-17DAB

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 1st day of July, 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record